UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARSIE RATLIFF o/b/o K.G.,

    Plaintiff,

v.                                                         CASE NO.: 8:18-cv-2827-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**<u>ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision finding her minor daughter K.G. not disabled.[1] Essentially, the Plaintiff argues the Administrative Law Judge ("ALJ") should remand the case pursuant to sentence six of 42 U.S.C. § 405(g) in light of the new evidence she submitted.[2] After reviewing the ALJ's decision, I find the new evidence does not warrant remand under sentence six of 42 U.S.C. § 405(g). Accordingly, the ALJ's decision is affirmed and the complaint is dismissed.

    *A.*    *Background*

The Plaintiff filed an application for SSI benefits on behalf of her minor daughter K.G. on November 12, 2015, alleging disability since birth, April 14, 2015, due to cleft palate, speech

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 15).

[2] Notably, Plaintiff does not assert that the ALJ failed to support the decision with substantial evidence. Specifically, she states she "does not contend that the decision was in error based on the evidence before the Administrative Law Judge at the time of the decision. However, it is contended that new evidence was generated after the Administrative Law [J]udge decision which suggests that the claimant's condition was more severe at the time of the decision and warrants a reversal or remand." *See* doc. 25. Thus, whether the case should be reversed or remanded in light of the new evidence is the sole issue for this Court's determination.

delay, obstructive sleep apnea, and reactive airway disease. The Plaintiff sought review, and a disability hearing officer found K.G. not disabled on January 29, 2016, and upon reconsideration on August 25, 2016. Thereafter, the Plaintiff appealed and appeared via video before an ALJ on January 12, 2018, who issued a decision February 27, 2018, finding K.G. not disabled and denying SSI benefits.

Plaintiff appealed on April 9, 2018, but the Appeals Council denied her request for review (R. 1-4). In its denial, the Appeals Council explained that new evidence Plaintiff submitted from Family Care Ear, Nose, and Throat & Reconstructive Surgery dated August 5, 2016, through October 21, 2016, "[did] not show a reasonable probability of changing the administrative outcome" (R. 2). The AC also explained that other new medical records from Children's Lung Asthma and Sleep dated April 23, 2018; Central Florida Healthcare dated April 12, 2018, through April 20, 2018; and Dr. Maria Anchundia dated June 23, 2018, "[did] not relate to the period at issue" (R. 2). Importantly, the new evidence Plaintiff presents to this Court was not submitted to the AC as it did not yet exist at the time of her appeal to the AC. In light of the AC's denial, the ALJ's decision dated February 27, 2018, is the final decision of the Commissioner.

B. *Standard of Review*

In 1996, the Social Security Act was amended with respect to eligibility for child's disability benefits. As amended, the Act now provides (42 U.S.C. § 1382c(a)(3)(C)(i)):

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. *See* 20 C.F.R. § 416.924.

2

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. § 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. § 416.924(c). If he does not, the child is considered not disabled. *Id.* If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1 ("listings") . 20 C.F.R. § 416.924(d). For a child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" impairment in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. A child has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than moderate, but less than extreme. *Id.* A child has an "extreme" limitation when the child's impairment interferes very seriously with his ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations, but does not necessarily mean a total lack or loss of ability to function. *Id.* If the child functionally equals the listings, then he is deemed disabled. 20 C.F.R. § 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. § 416.924(d)(2). In assessing functional equivalence, the fact finder considers the child's functioning in terms of six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for himself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

As with claims by adults, a determination by the Commissioner that a child is not disabled

must be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005).

      *C.*     *Discussion*

In this case, Plaintiff does not contend the ALJ's decision was unsupported by substantial evidence. *See* doc. 25 at p.1; footnote 1, *supra*. Rather, she asserts only that this Court should remand the case pursuant to sentence six of 42 U.S.C. §405(g) in light of new evidence, testing by the Polk County Public Schools' Early Intervention Multidisciplinary Team dated December 14, 2018, subsequent to the ALJ's decision denying benefits. Plaintiff states the new evidence suggests that K.G.'s condition was more severe at the time of the ALJ's decision, warranting reversal. In response, the Commissioner opposes remand because Plaintiff failed to show that the new evidence is chronologically relevant. I agree.

A claimant can request remand under sentence six "when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). To prevail on a claim of remand under sentence six, a claimant must show that (1) there is new, non-cumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility it would change the administrative results; and (3) there is good cause for failure to submit the

evidence at the administrative hearing. *See Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citing *Caulder v. Bowen*, 791 F.2d 872 (11th Cir. 1986). The new evidence must relate to the period on or before the date of the ALJ's decision. *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)(finding that evidence of deterioration of a previously considered condition may subsequently entitle a claimant to benefits in a new application, it is not probative of whether claimant was disabled during the relevant time frame under review); *Griffin v. Comm'r of Soc. Sec.*, 723 Fed. Appx. 855, 858 (11th Cir. 2018) (finding MRI report prepared four months after ALJ's decision not chronologically relevant or material as there was no indication report related back to the relevant time period).

While there is no question the Polk County Schools' report was "new" as it was created after the ALJ rendered her decision, I find the evidence is not "material." As the Commissioner correctly points out, it is clear the Polk County Schools' report does not relate to the time period at issue in this application. The report is based on an assessment on December 14, 2018, and the ALJ's decision was rendered ten months earlier, on February 27, 2018. *See* docs. 25-1; R. 11-23). Furthermore, the report indicates that testing was administered "in order to assess [K.G.'s] current developmental functioning" (doc. 25-1, p. 3 and that the purpose of the school testing is to provide a "current evaluation to assess her functional skill levels and to assist in her future educational planning" (doc. 25-1, p.4). Thus, on its face the report fails to show its applicability to the relevant time frame. Moreover, as the Commissioner indicates, Plaintiff has not shown that there is a reasonable possibility that the report would change the administrative result. *See Wilson, supra*, 179 F.3d at 1279 (while a medical opinion "one year later might be relevant to whether a deterioration in [plaintiff's] condition subsequently entitled her to benefits, it is simply not probative of any issue [in the period under review]"); *Otto v. Comm'r of Soc. Sec.*, 171 Fed. Appx.

782, 785 (11th Cir. 2006) (new pulmonary function test and echocardiogram performed after ALJ's decision not material where test results did not discuss claimant's condition during relevant time period).  Accordingly, I find remand under sentence six unwarranted.[3]

*D. Conclusion*

For the reasons stated above, it is ORDERED:

1. The Plaintiff's complaint is dismissed, and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

DONE and ORDERED at Tampa, Florida on October 24, 2019.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[3] The Commissioner further asserts that even if the assessment could be applicable to the relevant time period (from November 12, 2015, the filing date, through the date of the ALJ's decision, February 27, 2018), the new evidence is not supported by objective medical evidence from the relevant period and is inconsistent with the record as a whole.  I need not decide this issue, in light of my decision that the new evidence is not not material.